*Thursday, June 4, 1998*

# MOTION DOCKET

**97–414.  State v. Spivey.**
Mahoning App. No. 89 C.A. 172.  Upon consideration of the motion for stay of execution of death sentence pending the timely filing and final disposition of a petition for a writ of certiorari in the United States Supreme Court and disposition of petition for postconviction relief, and it appearing from the exhibits to the motion that a petition for postconviction relief has been filed by appellant with the Mahoning County Common Pleas Court,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and hereby are, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

IT IS FURTHER ORDERED by the court that this stay shall remain in effect until exhaustion of all state postconviction proceedings, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court upon a final disposition by the Supreme Court of the United States or when all proceedings for postconviction relief before courts of this state have been exhausted, whichever occurs later.

# DISCIPLINARY DOCKET

**93–391.  Disciplinary Counsel v. Nicholson.**
On November 19, 1997, the court issued a final order pursuant to Gov.Bar R. V(9)(K) wherein it reinstated respondent, Thomas G. Nicholson, a.k.a. Thomas Graham Nicholson, to the practice of law. The court further ordered respondent to pay board costs in the amount of $1,975.90 on or before ninety days from the date of the order.  Upon respondent's failure to pay board costs timely, this court ordered respondent to show cause why he should not be found in contempt and suspended from the practice of law.  On April 21, 1998, respondent filed a response to the show cause order.  Upon consideration thereof,

IT IS HEREBY ORDERED by the court, *sua sponte,* that respondent's request for an extension of time to pay board costs is granted and that respondent pay board costs in full, including any and all accrued interest, on or before August 25, 1998.

DOUGLAS, J., would grant a six-month extension with no further extensions.

MOYER, C.J., dissents and would grant no extensions.

RESNICK, J., not participating.

# MISCELLANEOUS DISMISSALS